NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABBAS ELCHEIKHALI, | : |
| Plaintiff, | : |
| | : Civ. No. 09-1618 (KSH) |
| v. | : |
| | : **OPINION & ORDER** |
| C.C.A., et al., | : |
| Defendants. | : |

**Katharine S. Hayden, U.S.D.J.**

I. **INTRODUCTION**

Plaintiff Abbas Elcheikhali ("Elcheikhali") brings this civil rights action for alleged constitutional violations occurring at three separate prisons. His amended complaint names defendant prison officials from Passaic County Jail ("PCJ") and Hudson County Jail ("HCJ"), and from Moshannon Valley Correctional Center ("Moshannon Valley") in Philipsburg, Pennsylvania.

This case comes before the Court by way of motions filed by defendants Michael Zenk ("Zenk"), warden of Moshannon Valley, and Dr. Olin Fox ("Fox"), a physician at Moshannon Valley, seeking to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(2).

1

## II. BACKGROUND

### A. Factual History

Plaintiff alleges that from the time of his arrest on June 1, 2007, he was denied proper medical care despite repeated complaints to prison officials at the various institutions where he was incarcerated. (Am. Compl. 1.) According to his amended complaint, he was diagnosed with the following medical conditions and prescribed the following medications over the past 15 years: Prevacid for acid reflux; Lipitor for high cholesterol; and Paxil and Xanax for his anxiety, panic, and depression disorders. (*Id.*) He claims that he was seen by various medical personnel at each institution, but each time he was denied the proper medication. (*Id.* at 1-2.)

The pending motions before the Court were filed by employees of Moshannon Valley, where plaintiff was incarcerated from August 29 to October 28, 2009. (*Id.* at 2-3.) Plaintiff alleges that Fox, his treating physician during that time period, told him that he was not allowed to write a prescription for Paxil because it was "not covered by prison insurance[,]" and instead Fox prescribed the medication "Lexcy." (*Id.* at 2.) According to his amended complaint, plaintiff "was suffering everday [sic]" and repeatedly told Fox that the medication was not working. (*Id.*) Plaintiff alleges that Zenk and plaintiff's case manager "stated my mental health was a big issue while I was at Moshannan Valley." (*Id.*)

On October 28th, plaintiff was transferred to the "C.C.A. N.E.O.C.C." in Youngstown, Ohio. (*Id.* at 2-3.) Currently, plaintiff is incarcerated in Seneca County Jail in Tiffin, Ohio. (Notice of Change of Address, D.E. 20.)

### B. Procedural History

Plaintiff filed his original complaint on April 6, 2009, alleging that defendants were deliberately indifferent to his physical and mental conditions, in violation of his constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. (Or. Compl.) The matter was administratively terminated on April 29, 2009, because plaintiff had not paid the filing fee or submitted a completed application to proceed in forma pauperis. After he submitted an application to reopen the case on May 7th, the Court granted the application and, on June 2nd, ordered plaintiff, *inter alia*, to amend his complaint to replace original defendant Moshannon Valley with individual named defendants. (D.E. 5.)

On July 31, 2009, plaintiff filed an amended complaint naming several individual defendants, including Fox and Zenk. (Am. Compl.) On November 16th, Fox filed a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b). (D.E. 27.) Zenk followed suit on the same basis on December 1st. (D.E. 38.) At the Court's direction, Zenk filed an amended motion on December 17th. (D.E. 45.)

### III. DISCUSSION

#### A. Standard for Personal Jurisdiction

A district court may exercise personal jurisdiction over a non-resident to the extent authorized by state law within that forum. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987). New Jersey's long-arm statute extends jurisdiction over non-resident defendants to the full extent permitted by the United States Constitution. *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). Establishing personal jurisdiction requires proof

of a "relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977); *see also IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

Personal jurisdiction over a defendant comes in two forms: first, where the defendant's contacts with the forum are "systematic and continuous" (general jurisdiction), and second, where the alleged events arose out of defendant's limited contacts with the state (specific jurisdiction). *Watiti v. Walden Univ.*, 2008 U.S. Dist. LEXIS 43217, at *5-6 (D.N.J. 2007) (Pisano, J.) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)). To establish specific jurisdiction, the district court must engage in a three-prong inquiry:

> First, the defendant must have purposefully directed his activities at the forum. Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, [the] court[] may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice. Because this analysis depends on the relationship between the claims and contacts, we generally evaluate specific jurisdiction on a claim-by-claim basis.

*Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007) (internal quotations marks and citations omitted). What constitutes minimum contacts varies with the "quality and nature of the defendant's activity[,]" *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), but there must be at least one "single deliberate contact" with the forum that relates to the cause of action. *United States Golf Ass'n v. United States Amateur Golf Ass'n*, 690 F. Supp. 317. 320 (D.N.J. 1988) (Politan, J.).

Once a defendant has raised a jurisdictional defense, the plaintiff has the burden of demonstrating by a preponderance of the evidence that the defendant has "purposefully directed its activities toward the residents of the forum state, or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *IMO Indus., Inc.*, 155 F.3d at 259 (quoting *Hanson*, 357 U.S. at 253). A plaintiff must

demonstrate that the defendant should have reasonably anticipated being haled into court in the forum state through "sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 (3d Cir. 1984); *see also World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). When considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

### B.     Application

In their respective briefs, defendants contend that this Court should dismiss plaintiff's amended complaint because it does not have personal jurisdiction over them. The Court agrees and concludes that, upon review of the record, it is clear that plaintiff falls short in satisfying his burden of proof that jurisdiction exists in this forum.

In his sworn affidavit, Fox testifies: (1) he currently lives in Pennsylvania; (2) he never practiced medicine in New Jersey; (3) he never resided in New Jersey; (4) he never engaged in business in New Jersey; and (5) his only contact with plaintiff was when plaintiff was an inmate at Moshannon Valley. (Fox Br., Exh. C.) Zenk swears in his affidavit that: (1) he currently works and resides in Georgia; (2) at all times relevant to plaintiff's allegations, he was employed by Moshannon Valley and performed his duties at that institution; and (3) at all times relevant to plaintiff's allegations, he resided in Pennsylvania. (Zenk Br., Exh. B.)

Plaintiff did not offer evidence to refute defendants' jurisdictional defenses. He cannot establish general jurisdiction because he has not offered any evidence that either defendant has

"continuous and substantial" contact with New Jersey that would satisfy notions of fair play and substantial justice. He cannot satisfy the requirements of specific jurisdiction because the alleged constitutional violations arose out of conduct that occurred in a Pennsylvania prison.

### IV. **CONCLUSION**

As a consequence of the foregoing, defendants' motions to dismiss for lack of personal jurisdiction are granted.

Good cause appearing, it is on this 6th day of January, 2010,

**ORDERED** that defendants' motions to dismiss [D.E. 27 & 38] are granted.

/s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.